RECEIVED
OCT 15 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| TANESHA HARDY (#498922) | DOCKET NO. 1:14-CV-2782; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Tanesha Hardy filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 22, 2014. [Doc. #1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. She challenges her conviction of Second Degree Murder in the Tenth Judicial District Court, Parish of Natchitoches.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual and Procedural Background*

On October 17, 2009, Petitioner shot the victim, Walter Johnson, three times. He died as a result of the gunshot wounds. Petitioner was indicted on January 6, 2010, for second degree murder, a violation of La.R.S. 14:30.1. A jury trial commenced on July 19, 2010, and on July 20, 2010, she was found guilty as charged. On August 18, 2010, Petitioner was sentenced to life imprisonment. Petitioner did not file a motion to reconsider the sentence. She appealed, asserting that the evidence was

insufficient to sustain the verdict of second degree murder and that the trial court erred when it allowed a conviction by a non-unanimous vote. See State v. Hardy, 72 So.3d 1017, 2011-267 (La.App. 3 Cir. 10/5/11); cert. denied 85 So.3d 690, 2011-2386 (La. 3/9/12).

Petitioner filed an application for post conviction relief on **April 5, 2013**. [Doc. #1, p.36] The trial court denied relief on May, 28, 2013. [Doc. #1, p.79] She filed a writ application in the Louisiana Third Circuit Court of Appeals on July 1, 2013, docket number KH-13-0752. [Doc. #1, p.36] The writ was denied on October 7, 2013, noting that there was no error in the trial court's denial of post-conviction relief as to the claims of ineffective assistance of counsel and due process violations, and that sentencing issues are precluded from post-conviction review. [Doc. #1, p.80] Petitioner sought writs in the Louisiana Supreme Court, which were denied on **June 13, 2014**. See State ex rel. Hardy v. State, 140 So.3d 1185, 2013-2608 (La. 6/13/14). She filed the instant petition on September 22, 2014, but it is signed and dated September 13, 2014. [Doc. #1]

*Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a **one year** statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State

court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Petitioner's direct appeal concluded with the denial of writs by the Louisiana Supreme Court on March 9, 2012. State v. Hardy, 85 So.3d 690, 2011-2386 (La. 3/9/12). She had an additional ninety days within which to seek further review in the United States Supreme Court. Thus, for AEDPA purposes, Hardy's judgment of conviction and sentence became final by the expiration of the time for seeking direct review, ninety days following March 9, 2012, **on June 7, 2012.** Under 28 U.S.C. §2244(d)(1) she had one year, until on or about June 7, 2013, to file her federal *habeas* petition.

28 U.S.C. §2244(d)(2) contains a statutory tolling provision providing that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), citing Flanagan

v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Petitioner's first collateral attack in the state court was filed on **April 5, 2013**, almost ten full months (302 days) after her conviction became final. This lapse of time is counted toward the AEDPA limitations period.

The one-year limitations period under the AEDPA was tolled, or "paused," while Petitioner's post-conviction application was pending, from April 5, 2013, until the Louisiana Supreme Court denied writs on June 13, 2014. The limitations period resumed on June 14, 2014. Petitioner signed her 2254 petition three months later, on September 13, 2014. Thus, 302 days lapsed from the date her conviction became final until the date she sought post-conviction relief. An additional 91 days passed from the date post-conviction relief was no longer pending, until the date her 2254 petition was signed, for a total of approximately 393 days. Therefore, it appears that the petition was filed approximately 28 days after the expiration of the limitations period.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.

1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently', and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that she was actively misled by the state of Louisiana; nor has she alleged that she was prevented in some extraordinary way from asserting her rights by timely filing a habeas claims.

Because a period of more than twelve un-tolled months elapsed between the date that Petitioner's conviction became final and the date that her federal suit was filed, and she has not shown that she is entitled to equitable tolling, her *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for *writ of habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy

copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 15 day of October, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE